519 F.Supp. 322 (1981)
In re CENCO INCORPORATED SECURITIES LITIGATION.
Robert HELFAND, et al., Plaintiffs,
v.
CENCO, INC., et al., Defendants.
Nos. 75 C 2227, 75 C 2506, 75 C 2981, 75 C 3394 and 76 C 1085.
United States District Court, N. D. Illinois, E. D.
June 30, 1981.
*323 *324 Stephan A. Weiner, Winthrop, Stimson, Putnam & Roberts, New York City, for defendant Executor, Estate of Joseph Weiner.
Elliot Woocher, pro se.
Louis A. Mangone, New York City, Melvin Mishkin, Rothschild, Barry & Myers, Chicago, Ill., Elliot S. Kahn, Marion S. Kahn, c/o Spizz & Ganz, for defendant Kahn.
Paul Perito, Paul Lieberman, Perito, Duerk & Carlson, P.C., Washington, D. C., Thomas Regan, Pope, Ballard, Shepard & Fowle, Chicago, Ill., for defendant Didriksen.
Martin Ween, Kroll, Edelman, Elser & Wilson, New York City, for insurance companies.
Fred H. Bartlit, Jr., Donald E. Scott, David E. Springer, Kirkland & Ellis, Chicago, Ill., for defendant Cenco, Inc.
Samuel Weisbard, Bruce Weitzman, McDermott, Will & Emery, Chicago, Ill., for defendant Seidman & Seidman.
Keith F. Bode, Lynne E. McNown, Jenner & Block, Chicago, Ill., for defendant Strelsin; liaison for outside directors.
John Enright, Rosemarie Guadnolo, Arvey, Hodes, Costello & Burman, Chicago, Ill., for defendant Marose, Rose Pkg.
Robert Caffarelli, Lawrence Gavin, Boodell, Sears, Sugrue, Giambalvo & Crowley, Chicago, Ill., for defendant Spiegel, Swiger.
David Krneta, Chisholm & Krneta, Burbank, Ill., for defendant Urso.
Allan Horwich, Schiff, Hardin & Waite, Chicago, Ill., for third-party defendant Curtiss-Wright Corporation.
Ronald Wilder, Roger Price, Aaron, Aaron, Schimberg & Hess, Chicago, Ill., for defendant Auman.
Samuel Beck, New York City, for defendant Strelsin (general).
John Bowlus, Cotton, Watt, Jones, King & Bowlus, Chicago, Ill., for defendant Magdovitz.
David Beckwith, David Hase, Foley & Lardner, Milwaukee, Wis., for defendant Outside Directors.
Stephan Shamberg, Robert Rubin, Friedman & Koven, Chicago, Ill., Leon Gold, Robert Hawley, Shea, Gould, Climenko & Casey, New York City, for defendant Smith.
William Ward, Matthias Lydon, Hartigan & Ward, Chicago, Ill., for defendant Van Zelst.
Reuben A. Katz, pro se.
Frank Kucharski, Chicago, Ill., for defendants.
Abraham S. Robinson, New York City, for defendant Orner.
Frederick Schmauss, pro se.
Robert Glick, Narcisse Brown, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for defendant Howard.
Howard Tullman, Theodore Freedman, Levy & Erens, Chicago, Ill., for defendant Berman.
William E. Ray, William E. Ray, Jr., Minocqua, Wis., for defendant Rabjohns.
Gerald M. Werksman, Chicago, Ill., for defendant Casey.
Edward Foote, Kurt Schultz, Winston & Strawn, Chicago, Ill., for defendant Read.
*325 Lowell E. Sachnoff, Anthony DiVincenzo, Sachnoff, Schrager, Jones, Weaver & Rubenstein, Ltd., Chicago, Ill., lead counsel for plaintiff class, Helfand.
Stuart Wechsler, Kass, Goodkind, Wechsler & Gerstein, New York City, for plaintiff Helfand.
Stanley R. Wolfe, David Berger, Berger & Montague, Philadelphia, Pa., for plaintiff Cucinotta, Cohen.
Merwin Auslander, Landesman, Schwartz & Auslander, Chicago, Ill., for plaintiff Rothschild.
Francis J. McConnell, McConnell & Campbell, Chicago, Ill., for plaintiff.
Charles Pressman, Pressman & Hartunian, Chicago, Ill., for plaintiff Levin.
Lawrence Walner, Chicago, Ill., for plaintiff Logan.
Philip Pierce, Ronald Shindler, Booth, Lipton & Lipton, New York City, for plaintiff Merrit.
Lawrence J. Fox, Drinker, Biddle & Reath, Philadelphia, Pa., for plaintiff (subgroup, in-outers).
Louis Koerner, Jr., Koerner & Babst, New Orleans, for plaintiff Koerner.
Robert A. Skirnick, Much, Shelist, Freed, Denenberg, Ament & Eiger, Chicago, Ill., for plaintiff E. Cohen.

MEMORANDUM OPINION AND ORDER
CROWLEY, District Judge.
Plaintiffs, security holders of Cenco, Inc., brought these class actions to enforce rights created under federal securities regulations and common law charging that from 1970 to 1975 Cenco and several of its employees, along with other individuals, manipulated inventory and altered sales figures as part of a common plan to falsify Cenco's financial position. Seidman & Seidman, Cenco's auditors, has agreed to settle with the class for $3.5 million. The joint application for fees and costs before the court at this time has been submitted in conjunction with this settlement.[1]
The application has been filed on behalf of Sachnoff, Schrager, Jones, Weaver & Rubenstein, Ltd. (Sachnoff); Drinker, Biddle & Reath (Drinker); Kass, Goodkind, Wechsler & Labaton (Kass); and Booth, Lipton & Lipton (Booth). It covers the period from February 1, 1979 through June 15, 1980.[2] Sachnoff, which handled approximately 75% of the work covered in the application, requests a lodestar fee of $223,362.50 in fees, and $24,783.32 in expenses. Drinker seeks a lodestar fee of $55,934.50 and $6,037.65 in expenses; Kass seeks a lodestar fee of $25,675.00 and $1,936.10 in expenses; and Booth seeks a lodestar fee of $63,007.50 and $4,916.82 in expenses. Sachnoff, Booth and Drinker seek reimbursement for paralegals, Sachnoff asking for $41,300.00, Booth asking for $1,802.50, Drinker asking $1,168, no firm requests a multiple for paralegal services.
In evaluating the reasonableness of this current petition the court recognizes that it has wide discretion to award attorneys' fees in class actions, Ellis v. Flying Tiger Corp., 504 F.2d 1004 (7th Cir. 1972) and that this discretion is appropriately exercised whenever the efforts of counsel confer a substantial economic benefit on the class. Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). The factors the court must consider in determining the appropriateness of the fees are: 1) the contingent nature of the class action; 2) the quality of legal services rendered; 3) the benefits derived by the class; and 4) the public service aspect of the litigation. In re Folding Cartons Antitrust Litigation, 84 F.R.D. 245 (N.D.Ill.1979). No one factor is decisive, Freeman v. Ryan, 408 F.2d 1204 (D.C.C.1968); all factors must be carefully weighed against the background of the many varied and complicated factors of the particular litigation, Simler v. Conner, 228 F.Supp. 127 (W.D.Okla.1964).
*326 The starting point is computation of the actual time devoted to the litigation. National Treasury Employees Union v. Nixon, 521 F.2d 317 (D.C.Cir.1975). In ascertaining the reasonableness of the hours expended at any stage in the litigation, the trial judge must draw upon his own knowledge, experience and expertise regarding similar litigation. Whether there has been duplication of effort and delegation of routine work to paralegals who command a lesser hourly rate are also relevant factors in determining whether the time billed is reasonable. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).
The docket sheet alone demonstrates that extensive work was completed during the time period covered in the application. As lead counsel points out, this phase of the litigation represents only 25% of the time period since this case was filed but consumes 40% of the civil docket. Moreover, even a quick perusal of the record reveals that the work accomplished was often time consuming, tedious and complex, requiring the taking of extensive depositions, re-examining of thousands of documents, the preparing of numerous trial witnesses and the drafting of discovery motions. Additionally the entire case was readied for trial, the firms of Sachnoff, Drinker and Booth each preparing different aspects of the case. Moreover the court does not rely solely on the docket sheet. The court is well aware, from first hand observation, the amount of time and effort expended.
This litigation involves one of the major corporate frauds in recent years. As this litigation progressed, counsel examined many thousands of documents, researched novel aspects of accountant liability, contribution and indemnification law and the calculation of the measure of damages. Counsel also developed unique methods of proof and of presenting damage calculations to the jury. Affidavits submitted in support of the joint fee application amply support counsel's contention that at all times during the preparation of the case, duplicative efforts were avoided and pains were taken to keep the expenses at a minimum. The number of hours billed, when compared with the complexity of the litigation, leaves no doubt that the number of hours in the application is more than reasonable.
The next consideration is whether the hourly rates sought are fair. The rates requested range from $150 to $45 per hour for attorneys and $35 per hour for paralegals. Lead counsel requests $150 for his time. All the other partners in the four firms request up to $125 per hour. The billing rate requested for associates ranges from $100 to $45. Moreover, base rates similar to these have already been approved by this court for work done in this case.
Once the total number of hours and the hourly rate are calculated, these two numbers are multiplied to arrive at the lodestar rate, which constitutes the market value of counsel's services, Merola v. Atlantic Richfield Co., 493 F.2d 292 (3rd Cir. 1974), it is then necessary to consider if the lodestar rate should be increased. The lodestar rate may properly be increased for several reasons. It may, for example, be increased if the litigation is legally and factually complex. Other factors which warrant an increase in the lodestar are the risks assumed in developing the case and the delay in the receipt of payment for services rendered. Lindy Brothers Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (3rd Cir. 1973). Arenson v. Board of Trade, 372 F.Supp. 1349 (N.D.Ill.1974).
Applying these factors to this case, it is clear from the magnitude and complexity of the litigation that the lodestar fee should be increased. First, although an extremely favorable settlement was finally reached between the class and Seidman, this settlement could not have been achieved if plaintiffs' counsel had not thoroughly and painstakingly prepared for trial. In opting for the settlement, counsel had to weigh the substantial potential barriers to ultimate recovery had the jury returned a favorable verdict as well as analyze novel and uncertain issues in the three major areas of law, as they relate to accountant *327 liability, contribution, the theory of damages.
Secondly, the contingent nature of the litigation also weighs heavily in favor of increasing the lodestar route, for there were inherent uncertainties in pursuing the class claim against Seidman. The evidence that Seidman had knowledge of the fraud was inconclusive and it was not apparent that plaintiffs could win if they had gone to trial. The uncertainty as to the likelihood of success at trial made it unlikely that a settlement would be reached. Thus, the contingency factor here was very high and for this reason, dictates that plaintiffs' counsel deserves significantly greater compensation than they would have absent the high risk factors. Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (3rd Cir. 1973).
The delay in receipt of payment is also a relevant factor in computing a reasonable fee award. Counsel have worked for a very substantial period without payment in these highly inflationary times. In addition, substantial sums have been advanced for expenses. These factors militate in favor of increasing the lodestar.
The final factor to be considered is the benefit to the class and to the public. Since recovery in this case totals $19.25 million and is one of the largest ever obtained in a security fraud class action in this district, there can be no question about the benefit to the class. The public has also benefitted from this litigation for it helps insure that state and federal regulations are enforced and provides incentives for private actions in the future.
For its part in this stage of the litigation, Sachnoff requests that a multiple be applied to its lodestar rate, higher than the other three firms. The difference in requested multiples correctly reflects that Sachnoff has assumed the major responsibility for this case and has been primarily responsible for coordinating efforts and all major decisions. The court has had numerous opportunities to evaluate the quality of work done by all the attorneys from this firm who have been involved with the case. These services have been of a consistently high calibre. An analysis of the fees requests demonstrates that partners did not perform work which could be done by associates. Paralegals were substantially used at great benefit to the class. In sum, the hours expended were very lean, considering the responsibility involved and the results obtained. Accordingly, the lodestar rate and expenses sought are reasonable. Further, the court finds that a multiple of 4 accurately takes into account the factors discussed above and awards Sachnoff attorneys' fees in the amount of $893,450.00 plus $41,300.00 for paralegals and $24,783.32 in expenses.
The other three firms also request a multiple. While the same factors apply to their efforts recognition must be made of their lesser participation and therefore smaller risks. Under the supervision of Sachnoff, each of these firms assumed responsibility for a specific aspect of the litigation. Drinker's efforts were directed at the issue of Curtiss-Wright's participation in the settlements and representation of a sub-class of "ins and outers" in connection with the anticipated trial against Seidman. Their success on the Curtiss-Wright issue is the subject of other orders of the court. Kass rendered services on behalf of the plaintiff class in a variety of ways, including handling discovery in New York, drafting jury instructions, and researching the issues of damages and contribution. Booth assumed responsibility for dealing with the aspects of the case relating to the Todd and S-P divisions of Cenco. All these firms have performed diligently. Therefore, in assuming major responsibility for specific aspects of the litigation, their lodestar rates and expenses are reasonable, and they are entitled to a multiple of 2 for their efforts. Drinker is entitled to $111,869.00 in attorneys' fees, $1,168.00 for paralegals and $6,037.65 in expenses; Kass is entitled to $51,350.00 in attorneys' fees and $1,936.10 in expenses; and Booth is entitled to $126,015.00 in attorneys' fees and $1,802.50 for paralegals and $4,916.82 in expenses. These *328 awards, plus those previously awarded, result in attorneys' fees less than 17% of the total recovery. Therefore they are entirely reasonable.
NOTES
[1] The distribution of this settlement has been delayed pending an appeal by one of the defendants.
[2] The Drinker application seeks fees for services and reimbursement of expenses through April, 1981.