**In re CENCO INCORPORATED SECURITIES LITIGATION,**

**Robert HELFAND, et al., Plaintiffs,**

**v.**

**CENCO, INC., et al., Defendants.**

**Nos. 75 C 2227, 75 C 2506, 75 C 2981, 75 C 3394 and 76 C 1085.**

United States District Court,
N. D. Illinois, E. D.

Jan. 5, 1982.

Lowell E. Sachnoff, Anthony DiVincenzo, Sachnoff, Schrager, Jones, Weaver & Rubenstein, Ltd., Chicago, Ill., lead counsel for plaintiff class, Helfand.

Stuart Wechsler, Kass, Goodkind, Wechsler & Gerstein, New York City, for plaintiff Helfand.

Stanley R. Wolfe, David Berger, Berger & Montague, Philadelphia, Pa., for plaintiff Cucinotta, Cohen.

Merwin Auslander, Landesman, Schwartz & Auslander, Chicago, Ill., for plaintiff Rothschild.

Francis J. McConnell, McConnell & Campbell, Chicago, Ill., for plaintiff.

Charles Pressman, Pressman & Hartunian, Chicago, Ill., for plaintiff Levin.

Lawrence Walner, Chicago, Ill., for plaintiff Logan.

Philip Pierce, Ronald Shindler, Booth, Lipton & Lipton, New York City, for plaintiff Merrit.

Lawrence J. Fox, Drinker, Biddle & Reath, Philadelphia, Pa., for plaintiff (subgroup, in-outers).

Louis Koerner, Jr., Koerner & Babst, New Orleans, for plaintiff Koerner.

Robert A. Skirnick, Much, Shelist, Freed, Denenberg, Ament & Eiger, Chicago, Ill., for plaintiff E. Cohen.

Stephan A. Weiner, Winthrop, Stimson, Putnam & Roberts, New York City, for defendant Executor, Estate of Joseph Weiner.

Elliot Woocher, pro se.

Louis A. Mangone, New York City, Melvin Mishkin, Rothschild, Barry & Myers, Chicago, Ill., Elliot S. Kahn, Marion S.

Kahn, c/o Spizz & Gans, Mineola, N. Y., for defendant Kahn.

Paul Perito, Paul Lieberman, Perito, Duerk & Carlson, P. C., Washington, D. C., Thomas Regan, Pope, Ballard, Shepard & Fowle, Chicago, Ill., for defendant Didriksen.

Martin M. Ween, Kroll, Edelman, Elser & Wilson, New York City, for insurance companies.

Fred H. Bartlit, Jr., Donald E. Scott, David E. Springer, Kirkland & Ellis, Chicago, Ill., for defendant Cenco, Inc.

Samuel Weisbard, Bruce Weitzman, McDermott, Will & Emery, Chicago, Ill., for defendant Seidman & Seidman.

Keith F. Bode, Lynne E. McNown, Jenner & Block, Chicago, Ill., for defendant Strelsin; liaison for outside directors.

John J. Enright, Rosemarie Guadnolo, Arvey, Hodes, Costello & Burman, Chicago, Ill., for defendant Marose, Rose Pkg.

Robert N. Caffarelli, Lawrence Gavin, Boodell, Sears, Sugrue, Giambalvo & Crowley, Chicago, Ill., for defendant Spiegel, Swiger.

David D. Krneta, Chisholm & Krneta, Burbank, Ill., for defendant Urso.

Allan Horwich, Schiff, Hardin & Waite, Chicago, Ill., for third-party defendant Curtiss-Wright Corporation.

Ronald Wilder, Roger Price, Aaron, Aaron, Schimberg & Hess, Chicago, Ill., for defendant Auman.

Samuel Beck, New York City, for defendant Strelsin (general).

John Bowlus, Cotton, Watt, Jones, King & Bowlus, Chicago, Ill., for defendant Magdovitz.

David J. Beckwith, David Hase, Foley & Lardner, Milwaukee, Wis., for defendant Outside Directors.

Stephan Shamberg, Robert J. Rubin, Friedman & Koven, Chicago, Ill., Leon Gold, Robert Hawley, Shea, Gould, Climenko & Casey, New York City, for defendant Smith.

William M. Ward, Matthias Lydon, Hartigan & Ward, Chicago, Ill., for defendant Van Zelst.

Reuben A. Katz, pro se.

Frank Kucharski, Chicago, Ill., for defendants.

Abraham S. Robinson, New York City, for defendant Orner.

Frederick Schmauss, pro se.

Robert Glick, Narcisse Brown, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for defendant Howard.

Howard Tullman, Theodore Freedman, Levy & Erens, Chicago, Ill., for defendant Berman.

William E. Ray, William E. Ray, Jr., Minocqua, Wis., for defendant Rabjohns.

Gerald M. Werksman, Chicago, Ill., for defendant Casey.

Edward Foote, Kurt Schultz, Winston & Strawn, Chicago, Ill., for defendant Read.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs, security holders of Cenco, Inc. ("Cenco"), brought this consolidated class action [1] to enforce rights created under the federal securities laws, regulations promulgated thereunder, and the common law. charging that between 1970 and 1975 Cenco and several of its officers, directors and employees along with its outside auditors and certain other persons manipulated inventory and altered sales figures as part of a common scheme to falsify Cenco's financial position. Most of this case has been resolved through settlement agreements between the plaintiff class and all but two of the defendants, and between many of the defendants on their various cross-claims against each other. Those cross-claims that were not settled were resolved by Judge Crowley, who previously presided over this matter, either by trial or by motion for

1. On October 17, 1977, Judge Crowley, who previously presided over this matter, certified a class under Fed.R.Civ.P. 23(b)(3). *Helfand v. Cenco, Inc.*, 80 F.R.D. 1 (N.D.Ill.1977).

summary judgment.[2] Judge Crowley also determined the matter of fees and costs to be awarded to attorneys for the plaintiff class before he left the bench in June, 1981.[3]

This matter is presently before the Court on the plaintiff class' motion for partial summary judgment against the two non-settling defendants, David Marose ("Marose") and Rose Packaging Co. ("Rose"), for fraud under the federal securities laws and the common law. Marose and Rose have also filed a cross-motion for summary judgment in their favor on the class' claims. For the reasons set forth below, both motions will be denied. Consistent with this Court's opinion, however, defendants will be precluded from relitigating any issues actually litigated in this or related matters under the doctrine of collateral estoppel to the extent that such issues bear on defendants' ultimate alleged liability to the class.

Invoking the doctrine of collateral estoppel offensively, the class maintains that the liability of Rose and Marose for securities fraud and common law fraud has been established by three prior judgments entered against them in connection with the Cenco fraud litigation. Specifically, the class contends that Marose and Rose are estopped to deny their liability herein because: (1) in 1979, Marose pled guilty to a two-count criminal indictment for mail fraud arising out of his participation in the fraud at Cenco, *United States v. Marose*, No. 79 CR 305; (2) both Marose and Rose consented to the entry of a permanent injunction restraining them from engaging in future securities fraud, *Securities and Exchange Commission v. Cenco, Inc.*, No. 76 C 3258 (N.D.Ill., March 28, 1980); and (3) both Marose and Rose were found liable to Cenco for fraud, aiding and abetting breaches of fiduciary duty by Cenco employees, and contribution, *In re Cenco Incorporated Securities Litigation*, No. 75 C 2227 (N.D.Ill., June 10, 1981). Rose and Marose deny that any of these prior judgments should be accorded preclusive effect and, in support of their cross-motion for summary judgment, contend that their alleged involvement in the conspiracy to defraud Cenco and the class of investors did not result in any injury or damage to the plaintiff class. They contend that they cannot be held liable for damages attributable to the actions of other members of the conspiracy because they joined the conspiracy at a late stage in the overall scheme.

## I.

Under the doctrine of collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on the same or a different cause of action involving a party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); Restatement (Second) of Judgments § 68 (Tent. Draft No. 4, April 15, 1977). Offensive use of collateral estoppel—when a plaintiff seeks to estop a defendant to relitigate an issue that the defendant previously litigated and lost against another plaintiff—was approved by the Supreme Court in *Parklane Hosiery Co. v. Shore, supra*. Collateral estoppel is appropriate in such a situation, however, only if the issue to be concluded is identical to that involved in the prior action, the issue was fully litigated in

---

**2.** The cross-claims between Cenco and its auditors, Seidman & Seidman, were tried to a jury in May and June, 1980. Judge Crowley directed verdicts on some claims and others were determined by the jury itself. Both parties have appealed from those judgments and the appeal is now pending before the United States Court of Appeals for the Seventh Circuit. *In re Cenco Incorporated Securities Litigation*, Nos. 81–2126, 81–2264.

Judge Crowley also granted partial summary judgment on the issue of liability for fraud, breach of fiduciary duty and contribution in favor of Cenco and against defendants Russell C. Rabjohns, Jack C. Coulson, David Marose and Rose Packaging Co. *In re Cenco Incorporated Securities Litigation*, No. 75–2227 (N.D. Ill., June 10, 1981). As that judgment is interlocutory in nature, it has not been appealed.

**3.** *In re Cenco Incorporated Securities Litigation*, 519 F.Supp. 322 (N.D.Ill.1981).

the prior action, and determination of the issue was necessary and essential to the judgment in the prior action. *Rufenacht v. Iowa Beef Processors, Inc.*, 656 F.2d 198, 202 (5th Cir. 1981); *Lektro-Vend Corp. v. Vendo Corp.*, 500 F.Supp. 332, 347 (N.D.Ill. 1980), *affirmed*, 660 F.2d 255 (7th Cir. 1981). The Court should also consider whether controlling facts or legal principles have changed significantly since the prior action and whether other special circumstances warrant an exception to the normal rules of preclusion.[4] *Montana v. United States, supra*, 440 U.S. at 155, 99 S.Ct. at 974. The Supreme Court has acknowledged that district courts have broad discretion to determine whether collateral estoppel should be applied in the circumstances of an individual case. *Parklane Hosiery Co. v. Shore, supra*, 439 U.S. at 331, 99 S.Ct. at 651.

Applying these standards to the case at bar, the Court concludes that the class has failed to establish that the defendants should be completely estopped to deny their alleged liability for securities fraud or common law fraud on the basis of the three prior judgments in this and related cases. Of course, as set forth below, to the extent that individual issues relevant to the fraud alleged herein were fully litigated and determined in a prior action, Rose and Marose will be precluded from litigating those issues again. But we cannot conclude that all the elements of the fraud with which these defendants are charged have been necessarily determined adversely to them in any earlier adjudication so as to invoke the principles of offensive collateral estoppel as a complete conclusion to the instant litigation.

## A.

■ In 1979, Marose pled guilty to a two-count indictment for mail fraud in violation of 18 U.S.C. § 1341. The two necessary elements for a violation of the mail fraud statute are: (1) formation of a scheme with intent to defraud; and (2) the use of the mails in furtherance of that scheme. *United States v. Keane*, 522 F.2d 534, 544 (7th Cir. 1975), *cert. denied*, 424 U.S. 976, 96 S.Ct. 1481, 47 L.Ed.2d 746 (1976); *United States v. Climatemp, Inc.*, 482 F.Supp. 376, 383 (N.D.Ill.1979). While a plea of guilty is a confession to the essential elements of the crime charged, as the class suggests, a plea to a mail fraud charge does not necessarily include an admission that anyone was, *in fact*, defrauded. *United States v. Buchanan*, 633 F.2d 423, 427 (5th Cir.), *cert. denied*, 451 U.S. 912, 101 S.Ct. 1984, 68 L.Ed.2d 301 (1981); *United States v. White*, 355 F.2d 909, 910 (7th Cir. 1966), *cert. denied*, 389 U.S. 1052, 88 S.Ct. 796, 19 L.Ed.2d 846 (1967); *United States v. Wolfson*, 322 F.Supp. 798, 829, *affirmed*, 454 F.2d 60 (3d Cir.), *cert. denied*, 406 U.S. 924, 92 S.Ct. 1792, 32 L.Ed.2d 124 (1971). Moreover, the indictment charges that Marose "devised and intended to devise a scheme and artifice to defraud and to obtain money from Cenco by means of false and fraudulent pretenses, representations and promises." Marose Indictment at ¶ 3. There is no allegation in the indictment that Marose intended to defraud investors in the position of the plaintiff class or that he joined a conspiracy with that purpose, that any representations were made to purchasers of securities, or that such purchasers relied on such representations in buying Cenco stock and were damaged thereby. Accordingly, Marose's plea to the mail fraud charge does not include an admission with regard to these crucial elements of the class' claims.

Furthermore, with respect to both Marose's plea of guilty to the mail fraud charge and both defendants' consent to decrees entered in March, 1980, in litigation with the Securities and Exchange Commission, we share the concern of the drafters of the Second Restatement of Judgments that it would be unwise to attribute collateral estoppel effect to a judgment entered upon confession or consent. The most recent draft of the Restatement states:

4. Among the other factors a court should consider are whether the plaintiff could have joined in the prior action and whether, for whatever reason, the application of collateral estoppel would be unfair to a particular defendant. *Id.*, 439 U.S. at 329–31, 99 S.Ct. at 650–51.

In the case of a judgment entered without contest by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section [issue preclusion] does not apply with respect to any issue in a subsequent action. The judgment may be conclusive, however, with respect to one or more issues, if the parties have entered an agreement manifesting such intention.

Restatement (Second) of Judgments § 68 comment e at 9 (Tent.Draft No. 4, April 15, 1977). The purpose of a consent decree is typically to avoid the litigation of any issue and the decree usually states, as do the decrees entered against Marose and Rose, that the parties neither admit nor deny the allegations in the complaint. The persuasive weight of authority declines to ascribe preclusive effect to consent decrees when there has been no admission of liability and in the absence of clear evidence concerning the parties' intention to be bound collaterally. *Studiengesellschaft v. Eastman Kodak Company*, 616 F.2d 1315, 1332 (5th Cir.), *cert. denied*, 449 U.S. 1014, 101 S.Ct. 573, 66 L.Ed.2d 473 (1980); *Kaspar Wire Works, Inc. v. Leco Engineering & Machine, Inc.*, 575 F.2d 530, 539–40 (5th Cir. 1978) and cases cited therein. The consent decree is an important weapon in the arsenal of the Securities and Exchange Commission in policing securities fraud and a holding that consent to the entry of a decree in one case automatically precludes a defendant from defending himself in subsequent litigation would diminish its use and effectiveness.

### B.

By contrast, the issue of these defendants' liability to Cenco for fraud, aiding and abetting breaches of fiduciary duty, and contribution was actually and fully litigated before Judge Crowley in the context of Cenco's motion for partial summary judgment decided on June 10, 1981. *In re Cenco Incorporated Securities Litigation*, No. 75 C 2227 (N.D.Ill., June 10, 1981).[5] In that context, Judge Crowley found that Marose and Rose joined two Cenco employees, Russell Rabjohns and Jack Coulson, in a conspiracy to defraud Cenco by falsely inflating the inventory of its wholly-owned subsidiary, Cenco Medical/Health Supply Corp. ("CMH"), and then concealing the inventory inflation by falsely manufacturing and destroying CMH inventory. Judge Crowley found that Rose and Marose knowingly joined the conspiracy at the false manufacturing stage. In furtherance of this scheme, Cenco paid Marose and Rose several hundred thousand dollars for falsely labeled packages containing virtually worthless material. Rose and Marose then kicked back part of the money to Rabjohns, Coulson and others. The phony inventory destruction aspect of the scheme contemplated the supposed destruction of over $16 million worth of medical supplies. In reality, very little valuable merchandise was destroyed since the purpose of the scheme was to remove from Cenco's books the false inventory earlier recorded and the fraud was discovered before the destruction of much merchandise. Judge Crowley found that the defendants intended that Cenco rely on their misrepresentations, that the misrepresentations were, in fact, relied

---

5. Defendants' argument, that because that judgment is not final for purposes of Fed.R. Civ.P. 54(b) it has no collateral estoppel effect, is wholly without merit. The meaning of "finality" for purposes of collateral estoppel is not the same as "finality" for purposes of determining when an order is appealable or susceptible to reconsideration. The relevant question is whether the issue has been resolved in the prior action so that the Court has no good reason to permit it to be litigated again. *Miller Brewing Company v. Jos. Schlitz Brewing Company*, 605 F.2d 990, 996 (7th Cir. 1979), *cert. denied*, 444 U.S. 1102, 100 S.Ct. 1067, 62

L.Ed.2d 787 (1980); *Dunlap v. City of Chicago*, 435 F.Supp. 1295, 1299 (N.D.Ill.1977). It is clear that "[t]he absence of a final judgment . . . does not necessarily prevent it from being collateral estoppel on identical issues in another case." *United States v. Abatti*, 463 F.Supp. 596, 598 (S.D.Cal.1978). *See also Zdanok v. Glidden Co.*, 327 F.2d 944, 955 (2d Cir.), *cert. denied*, 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964); M. Tenenbaum, Offensive Collateral Estoppel and the Law of Conspiracy: A New Application for a New Pragmatism, 14 J. Marshall L.Rev. 605, 625–27 (1981).

upon by Cenco in the preparation of financial statements and other documents, and that Cenco was damaged thereby, particularly by incurring substantial obligations to a class of Cenco securities holders in the instant litigation.

Collateral estoppel applies to prevent Marose and Rose from relitigating any issues that were actually decided in the prior matter. But the prior judgment does not create an estoppel with regard to issues that were not actually litigated or necessary to that determination. *Dunlap v. City of Chicago*, 435 F.Supp. 1295, 1299–1300 (N.D.Ill. 1977). The class' fraud claim mirrors that of Cenco to the extent that both contend that they were victimized by a conspiracy of Cenco employees and certain other persons between 1970 and 1975. Although their positions do diverge slightly since Cenco is also a defendant in the class' suit for securities and common law fraud,[6] the class stands in the same position as Cenco with regard to the fraud that allegedly caused injury to both of them, and those issues determined in the prior litigation between these defendants and Cenco should be given collateral estoppel effect in the instant litigation between these defendants and the class. The issues were fully litigated in the context of the motion for partial summary judgment and their determination was necessary and essential to that judgment.

Thus, Marose and Rose may not relitigate the prior determinations that they knowingly joined the conspiracy, that they intentionally made misrepresentations to Cenco in connection with the inventory inflation and false manufacturing aspects of the

scheme with the intent to defraud Cenco, that Cenco relied upon such misrepresentations in preparing financial statements and in making a host of financial calculations, and that Cenco suffered damage thereby particularly as a result of its settlement with the class. These findings were necessary and essential to Judge Crowley's earlier ruling in this case. The prior judgment is not binding, however, on the issues of what material misrepresentations were made to the plaintiff class, as opposed to Cenco, in connection with the conspiracy, whether the class relied upon such misrepresentations in connection with the purchases of Cenco stock, and what causal connection exists between the misrepresentations and any injury suffered by the class. Since these determinations were not germane to Cenco's cause of action, as opposed to that of the class, they were never litigated before Judge Crowley, nor were they necessarily determined by him in the course of his ruling on Cenco's motion for partial summary judgment. It is clear, however, that proof of these elements is essential to the success of the class' claims for fraud under the securities laws as well as the common law. *See Issen v. GSC Enterprises, Inc.*, 508 F.Supp. 1278, 1287 (N.D.Ill. 1981), *Bergman & Lefkow Insurance Agency v. Flash Cab Co.*, 110 Ill.App.2d 415, 249 N.E.2d 729, 736 (1st Dist. 1969).

While the issues resolved in the prior adjudication do overlap to some degree with those in issue herein, the complete congruity as to all issues required for the application of collateral estoppel is lacking.[7] After

---

**6.** Judge Crowley implicitly recognized this distinction in his prior opinion granting partial summary judgment to Cenco on its fraud claim against these defendants. He discussed Cenco's dual role as a victim of the fraud and as a culpable party by virtue of its responsibility for the acts of its officers, and rejected the defendants' argument that Cenco could not bring a claim for fraud because the misconduct of its officers must be imputed to it. Judge Crowley noted that, in the context of the class' suit against Cenco:

Cenco clearly could not foist all guilt vis-a-vis the class onto individual defendants. Yet when Cenco, on its own behalf, sues its offi-

cers and employees for misconduct, that very misconduct cannot simply be imputed to the corporation. The corporation can only be bound by the knowledge and actions of an officer other than the wrongdoer.

In re Cenco Incorporated Securities Litigation, No. 75 C 2227, slip op. at 5–6 (citation omitted).

**7.** Although Judge Crowley did rule that Rose and Marose were liable to Cenco for contribution, the class has not argued very strenuously that that determination alone should control our ruling on the collateral estoppel issue presented herein. The Court will defer any

nearly seven years of litigation and the transfer of literally tens of millions of dollars from most of the defendants to the plaintiff class, the fact remains that there has never been an adjudication on the merits as to the scope of the conspiracy to defraud at Cenco or the liability of the defendants to persons in the same position as the class. Although the class maintains, correctly, that Rose and Marose may be held liable for the acts of their co-conspirators committed in furtherance of the conspiracy, there has never been a judicial determination as to the identity of the co-conspirators or the perameters of the alleged fraud on the class. The class' claims against all defendants except Marose and Rose were resolved through settlement prior to trial. But a settlement agreement, like a consent decree, does not have collateral estoppel effect. *Kaspar Wire Works, Inc. v. Leco Engineering & Machine, Inc.,* supra; *Glimco v. Commissioner of Internal Revenue,* 397 F.2d 537, 540 (7th Cir.), *cert. denied,* 393 U.S. 981, 89 S.Ct. 452, 21 L.Ed.2d 442 (1968).

Accordingly, the class' motion for partial summary judgment on liability is denied. Consistent with this opinion, however, defendants are estopped to relitigate those issues relevant to the class' claims that were previously determined by Judge Crowley. If the remaining issues are not resolved by settlement or cannot be resolved by a subsequent motion for summary judgment, the Court will set these matters for trial. The parties shall advise the Court by February 1, 1982, whether a hearing date or a briefing schedule on a subsequent motion would be appropriate. It is so ordered.

## II.

■ In support of their cross-motion for summary judgment, Rose and Marose seem to contend that because they joined the conspiracy to defraud Cenco and the class of purchasers later than some of the other defendants, they cannot be held liable for the acts and deeds of their co-conspirators that occurred prior to their joining the conspiracy. The short response to this argument is that it misstates the law. It is clear that one who knowingly joins a conspiracy is liable for all the harm caused by the conspiracy whether it is done before or after he joins. *United States v. Guillette,* 547 F.2d 743, 751 (2d Cir.), *cert. denied,* 434 U.S. 839, 98 S.Ct. 132, 54 L.Ed.2d 102 (1976); *United States v. Bridgeman,* 523 F.2d 1099, 1108 (D.C.Cir.), *cert. denied,* 425 U.S. 961, 96 S.Ct. 1743, 48 L.Ed.2d 206 (1975); *United States v. Knight,* 416 F.2d 1181, 1184 (9th Cir. 1969). In his prior opinion in this case, Judge Crowley also stated the principle that "once within a conspiracy, conspirators are responsible for the conduct of their co-conspirators," slip op. at 7 (June 10, 1981), in response to these defendants argument that they could not be held liable to Cenco on a conspiracy theory because their own acts within the conspiracy allegedly caused no damage in isolation. Marose and Rose may not raise the argument anew with the hope of a different result here. If it can be shown that the class was damaged by misrepresentations made in furtherance of the conspiracy at Cenco, Rose and Marose may not escape liability simply because they joined the conspiracy at a point relatively late in the overall scheme.

Judge Crowley found that "Rose and Marose knowingly joined the conspiracy at the false manufacturing stage," slip op. at 2. Contrary to their contentions herein, there is no evidence that Marose's or Rose's involvement was limited to a second conspiracy to coverup the fraud at Cenco. *See, e.g., Hampton v. Hanrahan,* 600 F.2d 600, 621 (7th Cir. 1979). Judge Crowley did not delineate the perameters of the conspiracy in his earlier opinion, but it is clear that the fraud on Cenco itself discussed in the context of Cenco's motion for partial summary judgment against Rose, Marose, and two Cenco employees was part of the larger conspiracy to defraud investors. The prior

ruling on the effect of the contribution holding pending a determination of Rose's and Ma-

rose's ultimate alleged liability to the class.

opinions in this case do not allude to the existence of separate conspiracies but rather to one large and continuing conspiracy. The nature of the conspiracy vis-a-vis the class of investors, for example, what misrepresentations were made to the class, and by whom, and the causal connection between such misrepresentations and any injury to investors, still must be determined upon a more complete record. It does not matter that Rose and Marose themselves may not have made any misrepresentations directly to the class as long as it can be shown that such misrepresentations were made by their co-conspirators as part of the conspiracy at Cenco and that they were made as part of the overall scheme to defraud. As stated in part I of this opinion, however, the evidence regarding these issues remains to be more fully developed.

Accordingly, defendants' motion for summary judgment is denied. It is so ordered.