**In re CENCO INCORPORATED SECURITIES LITIGATION.**

**Robert HELFAND, et al., Plaintiffs,**

**v.**

**CENCO, INC., et al., Defendants.**

M.D.L. No. 291.
Nos. 75 C 2227, 75 C 2506, 75 C 2981, 75 C 3394 and 76 C 108.

United States District Court,
N. D. Illinois, E. D.

March 26, 1982.

Lowell E. Sachnoff, Anthony DiVincenzo, Sachnoff, Schrager, Jones, Weaver & Rubenstein, Ltd., Chicago, Ill., lead counsel for plaintiff class, Helfand.

Stuart Wechsler, Kass, Goodkind, Wechsler & Gerstein, New York City, for plaintiff Helfand.

Stanley R. Wolfe, David Berger, Berger & Montague, Philadelphia, Pa., for plaintiff Cucinotta, Cohen.

Merwin Auslander, Landesman, Schwartz & Auslander, Chicago, Ill., for plaintiff Rothschild.

Francis J. McConnell, McConnell & Campbell, Chicago, Ill., for plaintiff.

Charles Pressman, Pressman & Hartunian, Chicago, Ill., for plaintiff Levin.

Lawrence Walner, Chicago, Ill., for plaintiff Logan.

Philip Pierce, Ronald Shindler, Booth, Lipton & Lipton, New York City, for plaintiff Merrit.

Lawrence J. Fox, Drinker, Biddle & Reath, Philadelphia, Pa., for plaintiff (subgroup, in-outers).

Louis Koerner, Jr., Koerner & Babst, New Orleans, for plaintiff Koerner.

Robert A. Skirnick, Much, Shelist, Freed, Denenberg, Ament & Eiger, Chicago, Ill., for plaintiff E. Cohen.

Stephan A. Weiner, Winthrop, Stimson, Putnam & Roberts, New York City, for defendant Executor, Estate of Joseph Weiner.

Elliot Woocher, pro se.

Louis A. Mangone, New York City, Melvin Mishkin, Rothschild, Barry & Myers, Chicago, Ill., Elliot S. Kahn, Marion S. Kahn, c/o Spizz & Ganz, for defendant Kahn.

Paul Perito, Paul Lieberman, Perito, Duerk & Carlson, P. C., Washington, D. C., Thomas Regan, Pope, Ballard, Shepard & Fowle, Chicago, Ill., for defendant Didriksen.

Martin Ween, Kroll, Edelman, Elser & Wilson, New York City, for insurance companies.

Fred H. Bartlit, Jr., Donald E. Scott, David E. Springer, Kirkland & Ellis, Chicago, Ill., for defendant Cenco, Inc.

Samuel Weisbard, Bruce Weitzman, McDermott, Will & Emery, Chicago, Ill., for defendant Seidman & Seidman.

Keith F. Bode, Lynne E. McNown, Jenner & Block, Chicago, Ill., for defendant Strelsin; liaison for outside directors.

John Enright, Rosemarie Guadnolo, Arvey, Hodes, Costello & Burman, Chicago, Ill., for defendant Marose, Rose Pkg.

Robert Caffarelli, Lawrence Gavin, Boodell, Sears, Sugrue, Giambalvo & Crowley, Chicago, Ill., for defendant Spiegel, Swiger.

David Krneta, Chisholm & Krneta, Burbank, Ill., for defendant Urso.

Allan Horwich, Schiff, Hardin & Waite, Chicago, Ill., for third-party defendant Curtiss-Wright Corporation.

Ronald Wilder, Roger Price, Aaron, Aaron, Schimberg & Hess, Chicago, Ill., for defendant Auman.

Samuel Beck, New York City, for defendant Strelsin (general).

John Bowlus, Cotton, Watt, Jones, King & Bowlus, Chicago, Ill., for defendant Magdovitz.

David Beckwith, David Hase, Foley & Lardner, Milwaukee, Wis., for defendant Outside Directors.

Stephan Shamberg, Robert Rubin, Friedman & Koven, Chicago, Ill., Leon Gold, Robert Hawley, Shea, Gould, Climenko & Casey, New York City, for defendant Smith.

William Ward, Matthias Lydon, Hartigan & Ward, Chicago, Ill., for defendant Van Zelst.

Reuben A. Katz, pro se.

Frank Kucharski, Chicago, Ill., for defendants.

Abraham S. Robinson, New York City, for defendant Orner.

Frederick Schmauss, pro se.

Robert Glick, Narcisse Brown, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for defendant Howard.

Howard Tullman, Theodore Freedman, Levy & Erens, Chicago, Ill., for defendant Berman.

William E. Ray, William E. Ray, Jr., Minocqua, Wis., for defendant Rabjohns.

Gerald M. Werksman, Chicago, Ill., for defendant Casey.

Edward Foote, Kurt Schultz, Winston & Strawn, Chicago, Ill., for defendant Read.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs, security holders of Cenco, Inc. ("Cenco"), brought this consolidated class action against defendants[1] for common law and federal securities fraud. Most of this case has been resolved through settlement agreements between the plaintiff class and all but two of the defendants. The various cross-claims between many of the defendants have largely been settled or resolved by former Judge John Powers Crowley, who previously presided over this action.[2] This matter is presently before the Court to reconsider plaintiff class' motion for partial summary judgment against the two non-settling defendants, David Marose ("Marose") and Rose Packaging Co. ("Rose"),[3] for fraud under the federal securities laws and the common law. In a Memorandum Opinion and Order dated January 5, 1982, this Court denied plaintiff's motion.[4] For the reasons set forth below, the class' motion for reconsideration of that ruling is denied.

Invoking the doctrine of collateral estoppel offensively, the class argues that the liability of Rose and Marose had been affirmatively established as a predicate to Judge Crowley's summary judgment ruling against these defendants for contribution to Cenco. The class further maintains that the defendants' liability is also premised on the collateral estoppel effect of Judge Crowley's finding that Marose and Rose "knowingly joined the conspiracy, that they intentionally made misrepresentations to Cenco in connection with the inventory inflation and false manufacturing aspects of the scheme with the intent to defraud Cenco, that Cenco relied upon such misrepresentations in preparing financial statements and in making a host of financial calculations, and that Cenco suffered damage thereby, particularly as a result of its settlement with the class." *In Re Cenco Incorporated Securities Litigation*, 529 F.Supp. 411 (N.D.Ill., 1982).

Collateral estoppel is appropriate only if the issue to be concluded is identical to that involved in the prior action, the issue was fully litigated in the prior action, and determination of the issue was necessary and essential to the judgment in the prior action. *Rufenacht v. Iowa Beef Processors, Inc.*, 656 F.2d 198, 202 (5th Cir. 1981); *Lektro-Vend Corp. v. Vendo Corp.*, 500 F.Supp. 332, 347 (N.D.Ill.1980), af-

1. The named defendants are: Cenco and several of its officers, directors and employees; Cenco's outside auditors, Seidman and Seidman; an independent corporation, Rose Packaging Co., and its chief executive officer, David Marose. These defendants were charged with manipulating inventory and altering sales figures as part of a common scheme to falsify Cenco's financial position.

2. The cross-claims between Cenco and its auditors, Seidman and Seidman, were tried to a jury in May and June, 1980. Judge Crowley directed verdicts on some claims and others were *determined by the jury itself.* Both parties have appealed from those judgments and the appeal is now pending before the United States Court of Appeals for the Seventh Circuit. *In re Cenco Incorporated Securities Litigation*, Nos. 81–2126, 81–2264.
Judge Crowley also granted partial summary judgment on the issue of liability for fraud, breach of fiduciary duty and contribution in favor of Cenco and against defendants Russell

C. Rabjohns, Jack C. Coulson, David Marose and Rose Packaging Co. *In re Cenco Incorporated Securities Litigation*, No. 75–2227 (N.D. Ill., June 10, 1981). As that judgment is interlocutory in nature, it has not been appealed.

3. Rose Packaging Co. was dismissed from this action without prejudice on February 5, 1982, due to its pending Chapter 11 bankruptcy proceeding. However, due to the possibility that Rose will be reinstated as a defendant in this action upon the completion of the bankruptcy proceeding, this opinion and order will be equally applicable to Rose and Marose. Therefore, Rose will continue to be referred to as a party defendant.

4. *In re Cenco Incorporated Securities Litigation*, 529 F.Supp. 411 (N.D.Ill., 1982). The Court also denied defendants Marose and Rose's cross-motion for summary judgment at that time.

*firmed,* 660 F.2d 255 (7th Cir. 1981). The Supreme Court has acknowledged that district courts have broad discretion to determine whether collateral estoppel should be applied in the circumstances of an individual case. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 331, 99 S.Ct. 645, 651, 58 L.Ed.2d 549 (1979).

In the case at bar, there has never been a judicial finding assessing liability to Rose and Marose for the injuries suffered by the plaintiff class. While the fraud claim of the class mirrors that of Cenco, the two cannot be viewed as identical litigants due to their potentially divergent interests. The prior judgment for Cenco against Rose and Marose is not binding on such essential issues as what material misrepresentations were made to the plaintiff class, as opposed to Cenco, in connection with the conspiracy, whether the class relied upon such misrepresentations in connection with the purchases of Cenco stock, and what causal connection exists between the misrepresentations and any injury suffered by the class. Clearly, proof of these elements is essential to the success of the class' claim for fraud under the securities laws as well as the common law. *See Issen v. GSC Enterprises, Inc.,* 508 F.Supp. 1278, 1287 (N.D.Ill. 1981); *Bergman and Lefkow Insurance Agency v. Flash Cab Co.,* 110 Ill.App.2d 415, 249 N.E.2d 729, 736 (1st Dist. 1969).

Judge Crowley's summary judgment ruling granting Cenco contribution from Rose and Marose is not sufficient in itself to support a finding of defendants' liability to the plaintiff class. The Court acknowledges that,

> [i]n principle, a right of contribution rests upon the common liability of the wrongdoers for the loss notwithstanding the fact that the liability of each wrongdoer may rest on a different ground. *See Guillard v. Niagra Machine and Tool Works,* 488 F.2d 20, 22–28 (8th Cir. 1973); *City of Kingsport, Tenn. v. SLM Corp.,*

429 F.Supp. 96, 100 (E.D.Tenn.1976). However, any entitlement to contribution which a concurrent wrongdoer may have from another culpable party arises from the duty each of the wrongdoers owes to the injured party, as opposed to an obligation running among themselves. *Fischbach & Moore Intern. v. Crane Barge R–14,* 476 F.Supp. 282 (D.Md.1979). In the instant action, neither Cenco nor Rose and Marose have ever been adjudged joint tortfeasors or wrongdoers in the fraudulent scheme responsible for the injuries suffered by the plaintiff class.[5] *In re Cenco Incorporated Securities Litigation,* No. 75–2227, 10 (N.D.Ill., June 10, 1981). Judge Crowley's finding of contribution [6] cannot be viewed as a sub silentio holding of liability running from Rose and Marose to the plaintiff class. No other prior ruling in this case can collaterally establish this liability. *See In re Cenco Incorporated Securities Litigation,* 529 F.Supp. 411 (N.D.Ill., 1982).

Accordingly, plaintiff class' motion to reconsider the denial of partial summary judgment against Rose and Marose is denied. It is so ordered.

---

**5.** The issue of Rose and Marose's liability to the plaintiff class was not before Judge Crowley when he held defendants liable to Cenco for contribution. In fact, the class was not even a party to that motion.

**6.** The validity and effect of Judge Crowley's ruling that Rose and Marose are liable to Cenco for contribution will be deferred until a final judgment regarding Rose and Marose's liability to the plaintiff class is reached.