**ILLINOIS BELL TELEPHONE COMPANY, an Illinois corporation, Plaintiff,**

v.

**HAINES AND COMPANY, INC., an Ohio corporation; Haines Criss + Cross Publishers, Inc., an Illinois corporation; William K. Haines, Sr. and William K. Haines, Jr., Defendants.**

**No. 88 C 0026.**

United States District Court, N.D. Illinois, E.D.

March 23, 1989.

L. Bow Pritchett and Ronald E. Cundiff, Illinois Bell Telephone Co., Chicago, Ill., for plaintiff.

Jeremiah D. McAuliffe, Pattishall McAuliffe & Hofstetter, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Illinois Bell Telephone Co. ("Bell") brings this action charging defendants Haines & Co., Inc., Haines Criss+Cross Publishers, Inc., William Haines, Jr. and William Haines, Sr. (collectively, "Haines") with copyright infringement. The parties have filed cross motions for summary judgment. For the reasons set forth below, we grant Bell's motion for summary judgment as to liability and deny Haines' motion.

### Factual Background and Procedural History

Haines markets cross-reference directories which arrange telephone numbers sequentially and by address. In an action currently pending before Judge Suzanne B. Conlon, Bell charged that Haines' 1983 and 1984 Chicago area directories infringed Bell's copyright on its directories which contain the same information arranged by residents' names. Haines moved to dismiss or for summary judgment, contending that Bell had failed to allege (or present evidence) that the Haines and Bell directories are "substantially similar" and that the facts contained therein are protectible. Bell moved for summary judgment as to liability, contending that the undisputed facts establish valid and enforceable copyrights in the Bell directories and that Haines' admitted copying of information from the Bell directories constitutes infringement regardless of their functional

and arrangement deviations from the Bell directories. Judge Conlon denied Haines' motion and granted Bell's, holding that Bell satisfactorily pled and presented sufficient uncontroverted evidence to prove an enforceable copyright, that the information contained in its directories is protectible material, and that Haines directly copied that information and thereby infringed the copyright. *Illinois Bell Telephone Co. v. Haines & Co.*, 683 F.Supp. 1204 (N.D.Ill. 1988). She further found that the fact that Haines arranged the information differently, used varying typefaces, added other data and marketed the directories for a different function was irrelevant. She also rejected Haines' invocation of the fair use defense and the argument that it is contrary to copyright principles to require Haines to repeat compilation work that Bell had already performed.

Bell charges in this action that Haines' 1985, 1986 and 1987 Chicago and East St. Louis directories similarly infringe its copyright. The directories at issue here are identical in form and function to those in the earlier action, with the only difference being the geographical areas covered and the actual factual information enclosed. Judge Conlon denied Bell's motion to treat the two actions as related cases.[1] Currently pending in this action are Haines' motion to dismiss or for summary judgment and Bell's cross-motion for summary judgment. The arguments raised in support of and in opposition to the motions are identical to those raised before Judge Conlon. Indeed, except for those portions devoted to a critique of Judge Conlon's decision, the parties lift their arguments verbatim from their briefs in that action. We accordingly requested the parties to brief the applicability of collateral estoppel to the pending motions and now hold under principles of collateral estoppel that Haines is barred from opposing liability in this action.

---

1. Judge Brian Barnett Duff, to whom the case currently before Judge Conlon was originally assigned, earlier denied Bell's motion to amend to add counts pertaining to the directories at issue here. Without intending to second guess the reasons for Judge Duff's denial of the motion to amend and Judge Conlon's denial of the motion for relatedness, we express our regrets that this litigation is proceeding piecemeal in separate District Court forums.

**1124**

### Collateral Estoppel

Collateral estoppel bars the relitigation of an issue when "(1) the party against whom the doctrine is asserted was a party to the earlier proceeding; (2) the issue was actually litigated and decided on the merits; (3) the resolution of the particular issue was necessary to the result; and (4) the issues are identical." *Scherer v. Balkema,* 840 F.2d 437, 442 (7th Cir.), *cert. denied,* — U.S. ——, 108 S.Ct. 2035, 100 L.Ed.2d 620 (1988), *quoting Kunzelman v. Thompson,* 799 F.2d 1172, 1176 (7th Cir.1986). There is no dispute that the first and third elements are satisfied: the parties are identical in both actions and the issues raised there (and again here) were necessary to Judge Conlon's decision. Nor can it be disputed that the parties had a full opportunity to and actually did litigate those issues. The central concerns here revolve around the identity of issues and the finality of the earlier decision.

Issues actually litigated in a prior action have preclusive effect if the controlling facts remain unchanged in the later action. That some minor, subsidiary facts are different will not bar the application of collateral estoppel. *Montana v. United States,* 440 U.S. 147, 159, 99 S.Ct. 970, 976, 59 L.Ed.2d 210 (1979); *Commissioner of Internal Revenue Service v. Sunnen,* 333 U.S. 591, 599–601, 68 S.Ct. 715, 720–21, 92 L.Ed. 898 (1948); *American Medical International, Inc. v. Secretary of Health, Education and Welfare,* 677 F.2d 118, 120–21 (D.C.Cir.1981). All facts material to Judge Conlon's decision and the contested motions here are identical: the arrangement and function of Bell's and Haines' directories, the basis of Bell's copyright of its directories, Haines' compilation process and the evidence establishing that Haines copied information directly from the Bell directories. Further, all of the legal issues raised in the context of these motions were

resolved by Judge Conlon on these identical facts. Haines' briefs in support of its motion and in opposition to Bell's set forth the same arguments, for the most part verbatim, and do not rely on any new facts.[2] In contending that the issues resolved by Judge Conlon are different from those contested here, Haines focuses on the fact that the directories involved are of different years and cover different geographical areas. These differences are immaterial and do not bar the application of collateral estoppel.

■ We further find that Judge Conlon's decision was sufficiently final to give it preclusive effect. A decision is final for collateral estoppel purposes if it was not "avowedly tentative" and was appealable or had been appealed, the parties were given an adequate opportunity to set forth their positions and the court supported its decision with a reasoned opinion. *Miller Brewing Co. v. Joseph Schlitz Brewing Co.,* 605 F.2d 990, 996 (7th Cir.1979), *cert. denied,* 444 U.S. 1102, 100 S.Ct. 1067, 62 L.Ed.2d 787 (1980). That a decision is interlocutory and not immediately appealable does not detract from its preclusive effect. *Gilldorn Savings Asso. v. Commerce Savings Asso.,* 804 F.2d 390, 393–94 (7th Cir. 1986) (giving preclusive effect in an Illinois district court to issues decided in a Texas state court's denial of a motion to dismiss); *American Postal Workers Union Columbus Area Local v. United States Postal Service,* 736 F.2d 317, 319 (6th Cir.1984) (recognizing the preclusive effects of the dismissal of some but not all of the claims in the earlier action); *In re Cenco Incorporated Securities Litigation,* 529 F.Supp. 411 (N.D.Ill.1982) (holding that certain issues decided in a partial summary judgment have collateral estoppel effect); *Aiello v. Wilmington,* 470 F.Supp. 414, 420

---

2. In all of the decisions upon which Haines relies in opposition to the application of collateral estoppel, material facts differed in the earlier and later actions. *Interconnect Planning Corp. v. Feil,* 774 F.2d 1132, 1135–36 (Fed.Cir. 1985) (finding that an earlier decision on the validity of a patent did not have preclusive effect in a later action challenging the validity of

the same patent when the latter contained substantially different claims); *Oberweis Dairy, Inc. v. Associated Milk Producers, Inc.,* 553 F.Supp. 962, 966 (N.D.Ill.1982) (activity used to find antitrust violations during a certain period of time did not have collateral effect as to other periods of time in the absence of evidence that the activities were identical).

(1979), *aff'd,* 623 F.2d 845 (3d Cir.1980).[3] Judge Conlon's decision, while interlocutory, satisfies the requirements of finality for collateral estoppel purposes. The parties fully briefed the motions. Judge Conlon's opinion set forth her reasoning in detail and addressed and rejected all of Haines' primary arguments. Her decision fully resolved the issue of liability at the trial level, with only damages remaining to be litigated.

 In addition to satisfying each element of collateral estoppel as set forth by the Seventh Circuit, barring Haines from relitigating the issue of liability in this action promotes the goals of the doctrine of collateral estoppel to spare a party the burden of relitigating issues, conserve judicial resources and minimize the risk of inconsistent results. *See generally Charter Oak Fire Ins. Co. v. Sumitomo Marine and Fire Ins. Co., Ltd.,* 750 F.2d 267, 270 (3d Dist.1984); *Southern Pacific Communications Co. v. American Tel. & Tel. Co.,* 740 F.2d 1011, 1019 (D.C.Cir.1984). Haines has had an opportunity to fully present its position before Judge Conlon. There is no equitable reason why Haines should be allowed another bite at the apple here.[4] Reassessing the merits of Haines' position poses the risk of the following anomaly: that Haines is found liable for its 1983 and 1984 directories but not for later directories that are identical in all material respects. Finally, ample judicial resources have already been devoted to these issues. Indeed, a pronouncement on the merits would amount to no more than a pronouncement on the correctness of Judge Conlon's decisions. Since the Seventh Circuit may ultimately address these precise issues in the context of her decision, there is no sound reason for doing so here.

### Conclusion

Judge Conlon decided that a person who compiles a cross-reference directory from information contained in Bell phone directories infringes Bell's copyright and is liable under federal copyright law. Under principles of collateral estoppel, Haines is barred from relitigating the issue here. Accordingly, Haines' motion to dismiss or for summary judgment is denied and Bell's motion for summary judgment as to liability is granted. It is so ordered.

---

3. Not all federal circuits give preclusive effect to interlocutory decisions. *E.g., Avondale Shipyards, Inc. v. Insured Lloyds's,* 786 F.2d 1265, 1270 (5th Cir.1986).

4. In the event Haines successfully appeals Judge Conlon's decision to the Seventh Circuit, Haines may seek to avoid its preclusive effects here in a motion under Fed.R.Civ.P. 60(b)(5).