**Allen DEWEESE, Plaintiff-Appellee,**

**v.**

**TOWN OF PALM BEACH, etc., Joseph Terlizzese, etc., and George Mathews, et al., Defendants-Appellants.**

**No. 81–5981.**

United States Court of Appeals, Eleventh Circuit.

Oct. 8, 1982.

Maureen Ann Hackett, West Palm Beach, Fla., for defendants-appellants.

Green, Eisenberg & Cohen, James K. Green, West Palm Beach, Fla., for plaintiff-appellee.

Before VANCE and ANDERSON, Circuit Judges, and ALLGOOD *, District Judge.

VANCE, Circuit Judge:

Allen Deweese brought this action against the Town of Palm Beach, Florida

---

* Honorable Clarence W. Allgood, U. S. District Judge for the Northern District of Alabama, sitting by designation.

and certain town officials seeking injunctive and declaratory relief. At issue is the constitutionality of a municipal ordinance that prohibits people from appearing in certain public areas of Palm Beach without a shirt. The district court granted summary judgment to Deweese on the ground that the town is collaterally estopped from asserting that the ordinance is constitutional. We decide that the district court abused its discretion by applying collateral estoppel in this action. We therefore remand the case to allow the town to expend more of its resources in an attempt to prove that this most unusual statute is constitutional.

## I. *Factual and Procedural Background.*

### A. *State Criminal Proceedings.*

On November 19, 1979, Deweese was arrested for lewd and indecent exposure. His offense consisted of running on a public bicycle and jogging path in the Town of Palm Beach without a shirt. This conduct allegedly violated section 21–48 of the Palm Beach, Florida, Code which provided:

It shall be unlawful for any person to walk, run, jog, ride or otherwise be conveyed over or upon any street, alley, sidewalk, roadway, thoroughfare or other public place in the Town of Palm Beach with the upper part of his or her body uncovered. This Section shall apply to all places within the Town except private residences and their appurtenant grounds, public bathing beaches, except that females may not wear or appear in topless bathing suits or similar outfits on any public or private beach or in any public place within the Town.

Before trial on the criminal charges, Deweese filed a motion to dismiss with the state trial court. After an evidentiary hearing, the trial judge found that the ordinance was unconstitutional in that it violated defendant's fundamental rights under the ninth amendment to dress and to foster health through "athletic expression."

The town appealed the dismissal order, asserting that the trial court erred as a matter of law in finding the existence of such constitutional rights. The appellate court did not pass on the legal argument but remanded the case for a further evidentiary hearing.

The second hearing was held before a different trial judge. The court again granted the motion to dismiss, but based its decision on a number of alternative grounds. Specifically, the court adopted the holding of the first judge that the ordinance violated the ninth amendment but found in addition that the ordinance was vague, overbroad, and discriminatory, that it provided disproportionate punishment, failed to define certain terms, and bore no reasonable relationship to the town's police power.

The town voluntarily dismissed its appeal of the second order. The town now explains that after due consideration it concluded that the trial court was correct in finding that Section 21–48 was vague, overbroad, and discriminatory, and that it provided disproportionate punishment. Rather than commence a losing appeal simply for the purpose of arguing the ninth amendment issue, the town revoked the existing law and enacted Ordinance 2–81 on February 10, 1981 as a replacement. The new ordinance differed in several respects from its predecessor. Specifically, a number of definitions were added to avoid vagueness and overbreadth problems and the penalty for violation was reduced to avoid disproportionality problems. However, its major regulatory thrust was identical to that of the previous ordinance:

It shall be unlawful for any person to appear in any public place in the Town of Palm Beach without the upper part of his or her body covered.

Palm Beach, Fla., Code § 21–48(2) *amended by* Ordinance 2–81, February 10, 1981.

### B. *Federal Court Proceedings.*

Deweese brought this action in the district court for the Southern District of Florida seeking injunctive relief under 42 U.S.C. § 1983 and for declaratory relief. He alleged that Ordinance 2–81 is unconstitutional; that it was enacted with the intent to harass him; that he continues to run with-

out a shirt; and that he fears prosecution. The town's motion to dismiss the case for lack of a case or controversy was denied by the district court. Deweese subsequently moved for partial summary judgment, claiming that the town was collaterally estopped by the second order of the state court from denying that its attempts to ban shirtlessness in Palm Beach violated his fundamental rights under the ninth amendment. The district court granted the motion and, finding the issue dispositive, entered summary judgment for Deweese.

## II. Collateral Estoppel.

The narrow question in this case is whether the district court abused its discretion by finding that the judgment in the state criminal proceedings collaterally estopped the town from litigating the validity of its efforts to enforce a ban on shirtlessness in public areas.[1]

The doctrine of collateral estoppel precludes a party from relitigating an issue that was fully litigated in a previous action. The courts have recognized three prerequisites to the application of the doctrine:

1) that the issue at stake be identical to the one involved in the prior litigation;

2) that the issue have been actually litigated in the prior litigation; and

3) that the determination of the issue in the prior litigation have been a critical and necessary part of the judgment in that earlier action.

Stovall v. Price Waterhouse Co., 652 F.2d 537, 540 (5th Cir. 1981); see Rufenacht v. Iowa Beef Processors, Inc., 656 F.2d 198, 202 (5th Cir. 1981).[2]

Collateral estoppel may be used by the defendant to preclude the plaintiff from relitigating an issue he has lost in a prior case (defensive collateral estoppel) or by a plaintiff to preclude the defendant from relitigating such an issue (offensive collateral estoppel). The courts have recognized that special problems attend the application of offensive collateral estoppel. Specifically, availability of the doctrine creates a "free rider" problem by encouraging potential plaintiffs to wait on the sidelines until another plaintiff successfully establishes liability. Correlatively, the doctrine discourages plaintiffs from joining in a single action and thereby results in increased litigation. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329–30, 99 S.Ct. 645, 650–651, 58 L.Ed.2d 552 (1979). Additionally, offensive collateral estoppel creates a special risk of unfairness where a defendant in one action who does not have a strong incentive to litigate is faced with extensive and automatic liability in a series of later actions by other plaintiffs. See id. at 330–31, 99 S.Ct. at 651; Hicks v. Quaker Oats, 662 F.2d 1158, 1170–71 (5th Cir. 1981).[3]

The Town of Palm Beach contends that in this case the risk of unfairness from application of offensive collateral estoppel was realized.[4] Deweese counters this asser-

---

1. The town also appeals the district court's finding that there is a case or controversy. The district court, citing Ellis v. Dyson, 421 U.S. 426, 434, 95 S.Ct. 1691, 1696, 44 L.Ed.2d 214 (1975), found that the plaintiff stated "a credible threat that he might be arrested and charged." We find no basis on which to overturn the district court's finding.

2. The application of collateral estoppel in this case presents a question of federal law. Aerojet-General Corp. v. Askew, 511 F.2d 710, 716 (5th Cir. 1975). The judgment of a state court may in appropriate circumstances be given issue preclusive effect in a 1983 action. See Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 passim (1980); Ambassador College v. Geotzke, 675 F.2d 662, 665–66 (5th Cir. 1982) (Hill, J., concurring); Southern Jam, Inc. v. Robinson, 675 F.2d 94, 96–98 (5th Cir. 1982).

Additionally, the judgment in a criminal proceedings can have collateral estoppel effect in a subsequent civil proceeding. See United States v. One 1976 Mercedes 450 SLC, 667 F.2d 1171, 1174 n. 2 (5th Cir. 1982); Wolfson v. Baker, 623 F.2d 1074, 1077 (5th Cir. 1980).

3. The Hicks case was decided by a panel of Unit A of the former fifth circuit after the close of business on September 30, 1981. The decision is not, therefore, binding on this panel. See Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982).

4. The town also contends that enactment of the new ordinance is an intervening change in law that precludes application of estoppel, and that the ninth amendment issue is a pure issue of law that is not the proper subject of estoppel.

tion by arguing that the district court should have broad discretion to determine the applicability of collateral estoppel.

 We agree with Deweese that the application of collateral estoppel is committed to the sound discretion of the district court. *See Parklane Hosiery Co. v. Shore*, 439 U.S. at 331, 99 S.Ct. at 651; *Rufenacht v. Iowa Beef Processors, Inc.*, 656 F.2d at 202; *Pinto Trucking Service, Inc. v. Motor Dispatch, Inc.*, 485 F.Supp. 484, 489 (N.D.Ill. 1980). That discretion is not unlimited, however. Where there is a significant likelihood of substantial unfairness, application of offensive collateral estoppel constitutes an abuse of discretion.

The final order of the state trial court contained a number of alternative bases for invalidating the original ordinance. Normally, each alternative basis would form an independent ground for collateral estoppel. *See Ezagui v. Dow Chemical Corp.*, 598 F.2d 727, 733 (2d Cir. 1979); *Irving National Bank v. Law*, 10 F.2d 721, 724 (2d Cir. 1926); *NAACP v. Detroit Police Officers Association*, 525 F.Supp. 1215, 1223 (E.D.Mich.1981). In this case, however, the existence of alternative grounds makes the application of offensive collateral estoppel problematic. Since the town agreed that the original ordinance was fatally vague and overbroad, it did not have an "incentive to defend vigorously" by taking an appeal from the trial court's ruling on the ninth amendment.[5] *See Parklane Hosiery Co. v. Shore*, 439 U.S. at 330, 99 S.Ct. at 651. It would therefore be unfair to preclude the town from arguing the ninth amendment issue here. *See Hicks v. Quaker Oats Co.*, 662 F.2d at 1170–72.

III. *Conclusion.*

On remand the district court should decide the merits of the constitutional question without giving collateral estoppel effect to the order of the state trial court. Nothing in our decision here, however, would prevent the district court from determining the constitutionality of the ordinance on a motion for summary judgment.

REVERSED AND REMANDED.

---

We do not rule on these contentions, but note that the second issue has been the subject of a probing discussion in *Hicks v. Quaker Oats Co.*, 662 F.2d 1158, 1166–67 (5th Cir. 1981).

5. Of course, the town did have some incentive to appeal the dismissal. If the state appellate court had affirmed the dismissal on only one ground, *e.g.*, vagueness, then the alternative grounds of the trial court would have no issue preclusive effect. *See Hicks v. Quaker Oats Co.*, 662 F.2d 1158, 1168 & n. 6 (5th Cir. 1981). However, the courts should avoid a rule that would force defendants to take a frivolous appeal simply to avoid the issue preclusive effect of certain alternative grounds. *Id.* at 1169. *Cf. Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329–30, 99 S.Ct. 645, 650–651, 58 L.Ed.2d 552 (1977) (cautioning against application of offensive collateral estoppel in a manner that would result in increased litigation); *In re Cenco Inc. Sec. Litig.*, 529 F.Supp. 411, 416 (N.D.Ill.1982) (refusing to give offensive collateral estoppel effect to a consent decree because application of the doctrine would diminish the incentive to avoid litigation through consent decrees).