PER CURIAM:
 

 Appellant Hoskins filed this complaint to prevent the discharge of a debt owed by appellee Yanks. ■ In 1975, Hoskins’ late husband sued Yanks in a Florida court for the tort of defamation, alleging that Yanks had maliciously published a defamatory statement about Mr. Hoskins, or, in the alternative, that malice was implied by law. The jury returned a verdict in favor of Hoskins and awarded zero dollars in compensatory damages and $20,000 in punitive damages.
 

 Yanks has since filed for Chapter 7 bankruptcy protection, and Hoskins’ complaint was consolidated with the ongoing bankruptcy proceedings. Hoskins contends that the debt arising from this judgment is not subject to discharge because the debt was “for willful and malicious injury by the debtor to another entity.” 11 U.S.C. § 523(a)(6). And, crucial to the issue on appeal, Hoskins has offered the state court judgment to estop collaterally Yanks from denying nondischargeability.
 

 Yanks argues that the state court judgment should be afforded no estoppel effect in federal bankruptcy court for two reasons: (1) the issue litigated in the state tort action differs from the issue at stake in the bankruptcy action, and (2) the standard of proof applied in the state tort action is lower than is required to prove “willful and malicious injury” under section 523(a)(6). The district court rejected the first argument and accepted the latter, entering final judgment granting discharge of the debt. We must reject both arguments asserted by appellee Yanks, and we therefore REVERSE and REMAND for entry of judgment in favor of appellant Hoskins.
 

 First, Yanks asserts that the state court judgment for defamation did not necessarily find Yanks’ actions to be “willful and malicious” as that term is defined under section 523(a)(6). We agree with the district court that this argument is precluded by our holding in
 
 Chrysler Credit Cory.
 
 
 *43
 

 v. Rebhan,
 
 842 F.2d 1257 (11th Cir.1988). The state court judgment against Yanks was premised on two alternative theories of liability: malicious publication, or malice implied by law because the publication alleged criminal activity. The collateral effect of the judgment is not affected by the fact that the jury could have premised its award on either theory because “malice for purposes of section 523(a)(6) can be established by a finding of implied or constructive malice.”
 
 Id.
 
 at 1263.
 

 Second, Yanks argues that the standard of proof in the state court action was substantially lower than that required to prove “willful and malicious injury” for the purposes of section 523(a)(6). Hoskins concedes that the evidentiary burden in the Florida action was proof by “preponderance of the evidence.” But, Yanks points out, the rule in this circuit has been that “the party seeking to except a debt from discharge must prove the willfulness and maliciousness of the act by clear and convincing evidence.”
 
 Rebhan,
 
 842 F.2d at 1262.
 

 The portion
 
 oí'Rebhan
 
 requiring proof by clear and convincing evidence is no longer good law, however. In
 
 Grogan v. Garner,
 
 — U.S. -, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), the Supreme Court concluded that “the standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard.”
 
 Id.
 
 at -, 111 As a result, the evidentiary burden for Florida defamation actions and the standard of proof for the purposes of section 523(a)(6) are identical. S.Ct. at 661.
 

 Because the issues at stake and the standards of proof in the Florida defamation action and the dischargeability analysis under section 523(a)(6) are identical, Hoskins is entitled to invoke the doctrine of collateral estoppel.
 
 [1]
 
 Accordingly, we REVERSE and REMAND for entry of judgment in favor of appellant.
 

 [1]
 

 . We have previously held that the doctrine of collateral estoppel bars relitigation of an issue in bankruptcy court for section 523(a) purposes if three requirements are met:
 

 (1) that the issue at stake be identical to the one involved in the prior litigation; (2) that the issue have been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation have been a critical and necessary part of the judgment in that earlier action.
 

 In re Held,
 
 734 F.2d 628, 629 (11th Cir.1984) (quoting
 
 Deweese v. Town of Palm Beach,
 
 688 F.2d 731, 733 (11th Cir.1982)).
 

 In
 
 Grogan,
 
 the Supreme Court also clarified, for the first time, that "collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a).”
 
 Grogan,
 
 — U.S. at-n. 11, 111 S.Ct. at 658 n. 11. Among those principles, the
 
 Grogan
 
 Court specifically invoked section 28(4) of the Restatement (Second) of Judgments (1982), which holds in relevant part as follows:
 

 [R]elitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
 

 (4) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action..,.
 

 Restatement (Second) of Judgments § 28 (1982).
 

 As a result, this principle of collateral estoppel dealing with differences in the burdens of persuasion must be included, if it was not impliedly before, in our list of collateral estoppel requirements, outlined in
 
 Held.