**In re William David MILLSAPS et ux., Debtors.**

**Bankruptcy No. 86–00487–BKC–6C7. Adv. No. 86–0154.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Nov. 4, 1991.

See also 133 B.R. 547.

William D. Millsaps and Anna Jean Millsaps, debtors pro se.

Hildy S. Stern, Trial Atty. Tax Div., U.S. Dept. of Justice, Washington, D.C.

Steven R. Bechtel, Mateer, Harbert & Bates, P.A., Orlando, Fla., for Earl K. Wood and Ford S. Hausman.

Eugene S. Legette, Orlando, Fla., for Paul Roper and Martha O. Haynie.

Andrea A. Ruff, trustee, Orlando, Fla.

DECISION ON DEBTORS' "MOTION FOR JUDICIAL NOTICE OF TRESPASS ON THE CASE AND MOTION FOR ORDER TO SHOW CAUSE"

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

This case came on for hearing on August 15, 1991, on the "motion for judicial notice of trespass on the case and motion for order to show cause" filed by the debtors, William and Anna Jean Millsaps ("Millsaps") (Document No. 20). This contested matter involves the scope of the Section 524(a)(2) permanent injunction in the context of the debtors' dispute with state officials over entitlement to a Florida ad valorem tax homestead exemption. The court concludes that the debtors are not entitled to relief.

### Undisputed Material Facts

At the hearing, it appeared that the following facts were not in serious dispute:

1. William David Millsaps and Anna Jean Millsaps filed their joint petition under Chapter 7 of the Bankruptcy Code on March 12, 1986.

2. The Millsaps' claimed their real property located at 528 Morocco Avenue, Orlando, Florida, as exempt from administration under the Florida constitutional homestead exemption. There were no objections made as to this claim of exemption.

3. The court entered the debtors' discharge on September 15, 1986.

4. On January 21, 1987, the Internal Revenue Service ("Service") sold the Millsaps' Morocco Avenue residence to enforce claimed perfected tax liens securing the Millsaps' personal income tax liabilities for 1979, 1980, and 1981. The Service applied the proceeds from the sale of the residence to these unpaid federal income tax liabilities.

5. On July 31, 1987, the Service completed the sale by conveying the Morocco Avenue residence to Marija Arnjas. The deed constituting the conveyance was executed by James Ryan, the district director of the Service, and was recorded at Book 3965, Page 4869, of the public records of Orange County, Florida. (At the hearing, a certified copy of this deed was admitted into evidence as respondents' Exhibit 1.) The Millsaps, however, have apparently continued in possession of the home.

6. On February 25, 1991, the Millsaps applied to Ford S. Hausman, the Orange County property appraiser, for an ad valorem tax homestead exemption on the Morocco Avenue residence.

7. On May 21, 1991, the property appraiser denied the Millsaps' application for a homestead tax exemption on the grounds that, because of the recording of the Service's deed to Marija Arnjas, the Millsaps did not have legal or beneficial title to the property claimed as homestead and were therefore not entitled to the exemption under Florida law.

8. On July 17, 1991, Martha O. Haynie, the clerk to the Board of County Commissioners, sent the Millsaps notice that a special master had been appointed by the Value Adjustment Board to take testimony and make a recommendation to the board regarding the Millsaps' petition for a homestead tax exemption. (The special master appointed by the Value Adjustment Board was later identified as Paul M. Roper.)

9. On July 25, 1991, the Millsaps filed their motion in this court for judicial notice and for an order to show cause (Document No. 20). In addition to Mr. Hausman, Ms. Haynie, and Mr. Roper, the Millsaps also named as a respondent Earl K. Wood, the Orange County tax collector. In this motion the Millsaps' request:

(a) that the court take judicial notice that Ford S. Hausman, Earl K. Wood, Martha O. Haynie, and Paul M. Roper have violated this court's order dated September 15, 1986, discharging the debtors (Document No. 15); and

(b) an order to show cause directed at these respondents as to why they should not be held in contempt of court for violating the discharge.

### Conclusions of Law

After considering the evidence in the record and the undisputed facts in this

case, the court makes the following conclusions of law:

1. *Jurisdiction.*

This court has jurisdiction of the parties and the subject matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the standing order of reference entered by the district court. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. *The Florida Homestead Tax Exemption.*

Section 6 of Article 7 of the Florida Constitution provides that "every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner ... shall be exempt from taxation thereon ... up to the assessed valuation of five thousand dollars, upon establishment of right thereto in the manner prescribed by law." The amount of this exemption was increased to $25,000 for years after 1982. Fla. Const. art. 7 § 6(d).

To receive the homestead tax exemption, an owner must apply to the county property appraiser, describing the property and certifying its ownership and use. Fla.Stat. Ann. § 196.011(1) (1991). The appraiser examines each application and allows the exemption if the statutory requisites are met. Fla.Stat.Ann. § 196.141 (1991). If the appraiser determines that the applicant is not entitled to the exemption, then a notice, giving reasons for disapproval, is served upon the applicant. Fla.Stat.Ann. § 196.- 151 (1991). The appraiser files this notice with the clerk of the property appraisal adjustment board,[1] and this notice constitutes an appeal by the applicant to the board. *Id.*

The adjustment board may appoint a special master to take testimony and make recommendations to the board. Fla.Stat. Ann. § 194.035 (1991). The board may act upon this recommendation without further hearing. *Id.* The ultimate decision by the board may only be challenged if the appli-

cant files a proceeding in the circuit court for the county where the property in question is located within 15 days of the board's decision. Fla.Stat.Ann. § 196.151 (1991).

In this case, the property appraiser and the board appear to have followed all applicable procedural provisions of the Florida Statutes in processing the Millsaps' application. Prior to the completion of that process, however, the Millsaps filed their motion in this court.

3. *The actions by the Orange County property appraiser, tax collector, and valuation adjustment board.*

■ For purposes of this contested matter, the court considers the conveyance of the property by the Service to the purchaser at the sale to be facially valid. In adversary proceeding No. 86–0154, the Millsaps attacked the validity of the Service's action as to the Morocco Avenue residence. They sought a declaration that the assessment, lien, levy, seizure, and sale of the property was invalid and improper. In deciding the merits of that adversary proceeding on cross motions for summary judgment, this court held that the Millsaps cannot make such an attack and recommended to the district court that their requested relief be denied. *Millsaps v. United States (In re Millsaps),* 133 B.R. 547 (Bankr.M.D.Fla. 1991). The court also held that the sale of the property by the Service did not violate the automatic stay of Section 362 of the Bankruptcy Code or the permanent injunction of Section 524(a)(2) of the Bankruptcy Code and entered judgment accordingly. *Id.* Because a portion of this court's decision in the adversary proceeding constitutes proposed findings of fact and conclusions of law under F.R.B.P. 9033 rather than a final decision, the doctrine of collateral estoppel may not yet technically bar the Millsaps from relitigating those issues in this context as against these respondents. *See Halpern v. First Georgia Bank (In re Halpern),* 810 F.2d 1061, 1064 (11th Cir.1987), and *Deweese v. Town of*

---

1. In Orange County, the property appraisal adjustment board is called the Value Adjustment Board.

**560**

*Palm Beach,* 688 F.2d 731 (11th Cir.1982). Nevertheless, this court will treat that ruling as the law of this case.

■ The Florida Constitution allows the homestead tax exemption for legal or equitable title holders only. Fla. Const. art. 7 § 6. The Florida Statutes provide a scheme by which the property appraiser makes his determination and by which an aggrieved homeowner can pursue administrative and judicial review of that determination. At first blush, it seems that the appraiser's decision, made in reliance on the Service's recorded deed conveying the property, was proper. In any event, those battle lines have been drawn at the state courthouse.

Even if, contrary to this court's decision, the actions of the Service in selling the home were unlawful and legally ineffective, and even if the actions by the Orange County officials in reliance on the Service's deed are somehow violative of Florida law, the Orange County officials' actions do not violate any provisions of the Bankruptcy Code. Although the permanent injunction of Section 524(a)(2) of the Bankruptcy Code enjoins efforts to collect personal liabilities that have been discharged, it does not prevent the county authorities from assessing new real estate taxes or from denying homestead tax exemptions. There is no basis, therefore, to require the respondents to show cause why they should not be held in contempt.

■ If the court were to construe the Millsaps' motion as a request for this court to determine the validity under Florida law of the appraiser's decision to deny the exemption, the court would deny that request, as well. This court is without subject matter jurisdiction to adjudicate that dispute. 28 U.S.C. § 1334(a) and (b). The matter at issue does not involve a claim created by any provision of the Bankruptcy Code, nor is it a proceeding that, by its nature, could only arise in a bankruptcy case. Thus, the matter is not one "arising under" or "arising in" a bankruptcy case. *Michigan Employment Security Commission v. Wolverine Radio Co. (In re Wolverine Radio Co.),* 930 F.2d 1132, 1144 (6th Cir.1991). In fact, this matter is not one that can conceivably have any effect on the administration of the bankruptcy estate. As stated in *Millsaps v. United States (In re Millsaps), supra,* this is a no asset case, creditors have not filed claims, and the property at issue has been claimed as exempt. This matter, therefore, has nothing whatsoever to do with this bankruptcy case. It is simply a civil dispute involving the persons of the debtors unrelated to their bankruptcy case that arose well after the entry of their discharge. As a result, the matter at issue here is not even a proceeding "related to" a bankruptcy case. *Wolverine Radio,* 930 F.2d at 1142. As explained in Section 2 above, Florida law provides ample opportunity for the Millsaps to litigate their dispute administratively and judicially.[2]

### Conclusion

The actions of respondents, Ford S. Hausman, Earl K. Wood, Martha O. Haynie, and Paul M. Roper, do not violate any provision of the Bankruptcy Code; therefore, the Millsaps' motion for judicial notice and motion for an order to show cause should be denied. The court is contemporaneously entering a separate judgment.

DONE and ORDERED.

---

**2.** The Millsaps argue that the deed from the Service to the buyer at the sale (respondents' Exhibit 1) is defective because it contains a misspelling of their last name and an incorrect middle initial of Mrs. Millsap's name. The legal effect of any such errors is purely a question of Florida law to be determined, if at all, in that litigation.