**In re Jack Sidney JAMES, Debtor,**

**INTERNATIONAL PAPER, et al., Plaintiff,**

v.

**Jack Sidney JAMES, Defendant.**

**Bankruptcy No. 90–3326–9P7.**

**Adv. No. 92–273.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

June 21, 1993.

Mark J. Wolfson, Tampa, FL, Luigi P. DeMaio, New York, NY, for plaintiff.

Robert A. Soriano, Tampa, FL, for defendant.

Stephen L. Meininger, Tampa, FL, trustee.

Michael P. Horan, Tampa, FL, for trustee.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

This is a converted Chapter 7 liquidation case and the matter under consideration is a seven count Complaint filed by International Paper, et. al. (Plaintiffs) against the Debtor, seeking to deny the Debtor his discharge pursuant to § 727(a)(2)(A), (a)(2)(B), (a)(3), and (a)(4)(A) of the Bankruptcy Code, and seeking a determination by this Court that the debt owed to Plaintiffs is nondischargeable pursuant to § 523(a)(2)(A), (a)(2)(B), and (a)(6). The Plaintiffs have bifurcated the consideration of this Complaint, and are currently only pursuing the § 727 counts, abating the § 523 counts until resolution of the § 727 counts is completed.

The claim of the Plaintiffs in Count I is based upon allegations that the Debtor, with intent to hinder, delay, and defraud the Plaintiffs transferred or permitted to be transferred property, and concealed or permitted to be concealed property of the Debtor or estate within one year before the commencement of the Debtor's Chapter 11 case filed on April 10, 1990. Those properties allegedly included Debtor's racing yacht, an interest in a limited partnership, an interest in some equipment, and an interest in thirty-one entities. The Plaintiffs allege in Count II that the Debtor with intent to hinder, delay, and defraud the Plaintiffs transferred or permitted to be transferred, and concealed or permitted to be concealed property of the Debtor or estate after the filing of the petition, namely Debtor's interest in the yacht.

Count III alleges that the Debtor concealed, destroyed, falsified and failed to keep or preserve any recorded information from which his financial condition or business transactions might be ascertained. In Count IV the Plaintiffs allege that the Debtor should be denied his discharge for making a false oath in conjunction with his Bankruptcy Schedules, Statements of Affairs, and Disclosure Statements by failing to disclose specific assets, liabilities, and creditors, related to, among others, the property described above. The facts relevant to the resolution of this controversy as set forth in the record are as follows:

The Debtor was involved in a variety of business opportunities prior to the commencement of this case. The Debtor filed his Petition for Relief under Chapter 11 of the Bankruptcy Code on April 10, 1990. Notwithstanding the filing of a Plan of Reorganization and Disclosure Statement, the Plaintiffs filed a Motion to Appoint Chapter 11 Trustee, or in the Alternative to Convert the Case to Chapter 7 on April 2, 1991, and amended on July 3, 1991. This Court heard the Motion, and took ten hours of testimony. Subsequently, this Court entered an Order denying the Motion to Appoint a Chapter 11 Trustee, but granting the Motion to Convert the Case. In the Order, this Court made numerous findings of fact with regard to the Debtor's omissions and false statements, but made no finding of intent or fraud in relation to the factual findings.

Upon these facts, the Plaintiffs contend that there are no material issues of fact, and they are entitled to Summary Judgment in their favor as a matter of law. In support of their Motion for Summary Judgment, the Plaintiffs argue that the findings of fact included in the Order converting the case to Chapter 7 act with preclusive effect as to the litigation of the § 727 action and represent the law of the case. As such, the Plaintiffs assert that these findings support the conclusion that the Plaintiffs have satisfied their burden and established with the requisite degree of proof all the operating elements of § 727(a)(2)(A). Therefore, the Plaintiffs contend that the Debtor should be denied his discharge.

In opposition, the Debtor contends that, although this Court did make findings of fact which would help support a § 727 action, the Court did not find the actions taken by the Debtor were taken with the intent necessary to prevail on a § 727 complaint. Therefore, according to the Debtor, collateral estoppel does not support the Plaintiff's Motion for Summary Judgment.

**334**

The doctrine of collateral estoppel, also referred to as issue preclusion, prohibits relitigation of an issue which was already litigated and determined by a court of competent jurisdiction. See *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). The Eleventh Circuit has recognized the principle of collateral estoppel and has held that a bankruptcy court is precluded from relitigating issues by the doctrine of collateral estoppel only if:

- the issues at stake in the bankruptcy proceeding were identical to those involved in the prior litigation;
- the issues at stake in the bankruptcy proceeding were actually litigated in the prior proceeding;
- the determination of the issues in the prior proceeding were a critical and necessary part of the judgment; and
- the standard of proof is that the prior action must have been at least as strong as the standard of proof in the later case.

*In re St. Laurent,* 991 F.2d 672 (11th Cir. 1993). See, also, *In re Yanks,* 931 F.2d 42 (11th Cir.1991); *In re Halpern,* 810 F.2d 1061 (11th Cir.1987); *In re Held,* 734 F.2d 628 (11th Cir.1984); *Deweese v. Town of Palm Beach,* 688 F.2d 731 (11th Cir.1982).

The specific findings made by this Court in resolving the Motion to Appoint Trustee or in the Alternative to Convert the Case, upon which the Plaintiffs rely, relate to the Debtor's failure to disclose certain assets, or certain transfers of assets. The Plaintiffs claim these findings support a claim under § 727(a)(4) and § 727(a)(2). To prevail on a claim under § 727(a)(4) or § 727(a)(2), the Plaintiffs must show that the Debtor undertook this conduct with the intent to hinder, delay or defraud creditors.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Plaintiff's Motion for Summary Judgment on Counts I, II, III, and IV is hereby denied. A pre-trial conference shall be scheduled before the undersigned in Courtroom A of the United States Bankruptcy Court, 4921 Memorial Highway, Tampa, Florida, on <u>July 7, 1993</u> at <u>4:15 p.m.</u>

DONE AND ORDERED.