[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15094
_____

D.C. Docket  No. 1:11-cv-20003-MGC

FREECHARM LIMITED,

Plaintiff - Appellant,

versus

ATLAS WEALTH HOLDINGS CORPORATION,
a Delaware corporation,
ATLAS ONE HOLDINGS, LLC,
a Delaware corporation,
DANIEL KALB,
PAUL WEISS,
JORGE KALB,
NAPOLEON APONTE,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____
(December 4, 2012)

Before DUBINA, Chief Judge, PRYOR, and HILL, Circuit Judges.

HILL, Circuit Judge:

Freecharm Limited brought this action against Atlas Wealth Holdings Corporation, Atlas One Holdings, LLC, Daniel Kalb, Paul Weiss, Jorge Kalb, and Napoleon Aponte alleging violations of federal securities law as well as various state law claims. The district court granted summary judgment to the defendants based upon *res judicata* and collateral estoppel resulting from a prior arbitration award in their favor. This appeal followed.

## I.

Freecharm Limited ("Freecharm") claims that from approximately mid-2007 through the end of 2008, Atlas One Financial Group, LLC ("Atlas One"), through its brokers, engaged in a pattern of "egregious misrepresentations and fraud" to Freecharm's financial detriment. In 2009, Freecharm initiated arbitration proceedings before the Financial Industry Regulatory Authority ("FINRA") against Atlas One, its sister company Atlas One Capital Management, LLC "(Atlas One Capital"), and various Atlas One brokers. Freecharm also attempted to include Atlas Wealth Holdings Corporation ("Atlas Wealth"), which is the managing member and 75% owner of Atlas One and Atlas One Capital. Atlas Wealth, however, was not obligated to and did not submit to the jurisdiction of the FINRA arbitration panel.

Freecharm asserted that the arbitration defendants were liable for violation

2

of Florida Statutes § 517.011, fraud, breach of fiduciary duty, gross negligence, and negligent supervision. Freecharm alleged that various Atlas One brokers had engaged in a pattern of unauthorized activities designed to generate higher commissions for the company and mislead Freecharm about the value of its investments.

The arbitration panel held evidentiary hearings on these claims and found that Freecharm had failed to adequately support any of these claims. The panel also stated that "any and all claims for relief not specifically addressed herein . . . are denied."

After the arbitration panel announced the award, the arbitration defendants filed a Motion for Confirmation of the award in the United States District Court for the Southern District of Florida. The district court remanded the case to the arbitration panel for clarification of the award. The arbitration panel clarified that the panel had considered and rejected all of the claims brought by Freecharm, and that "the panel found that Freecharm failed to prove that any of the Respondents engaged in fraud; breach of fiduciary duty; or were grossly negligent or negligent in handling Freecharm's account." The panel also stated that the claims based on the secondary liability of Atlas One failed because there was no primary liability. The district court confirmed the arbitration award.

3

Prior to the arbitration award, Freecharm filed a complaint in Florida state court against Atlas Wealth and four of its corporate officers and directors. Freecharm also named Atlas One Holdings, LLC ("Atlas Holdings"), the parent company of Atlas Wealth, as a defendant. The complaint alleged violations of Florida Statutes § 517; Rule 20(a) of the Securities and Exchange Act of 1934; state claims for negligent failure to supervise against the individual defendants; a state vicarious liability claim against Atlas Holdings and two individual defendants; and a state rescission claim against Atlas Holdings. Each of these claims alleged that the defendants were liable to Freecharm as the result of alleged wrongdoing by the arbitration defendants – Atlas One and its various brokers.

The defendants removed the case to federal court. In their answer, the defendants asserted that all of Freecharm's claims were barred by *res judicata* and collateral estoppel. The parties filed cross-motions for summary judgment on these defenses.

The district court granted defendants' motion for summary judgment, concluding that Freecharm's claims were barred by *res judicata* and collateral estoppel. Freecharm brought this appeal. We review the judgment of the district court *de novo*. *Kizzire v. Baptist Health System, Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006).

4

II.

Freecharm argues that the district court erred in giving preclusive effect to the prior FINRA arbitration award, which found that Atlas One and its brokers had no liability to Freecharm because Freecharm failed to prove that their conduct was fraudulent, negligent, or breached any duty owed Freecharm. Freecharm also asserts that the district court's conclusion that collateral estoppel bars relitigation of these issues is error. We disagree.[1]

Collateral estoppel applies to prevent Freecharm from relitigating factual and legal issues resolved against it in the arbitration if:

> (1) the issues in this action are identical to those alleged in the arbitration; (2) these issues were actually litigated in the arbitration; and (3) the arbitration panel's determination of these issues was a critical and necessary part of the arbitration decision.

*See Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352, 1360 (11th Cir. 1985) (citing *Deweese v. Town of Palm Beach*, 688 F.2d 731, 733 (11th Cir. 1982)). In addition, Freecharm must have had a full and fair opportunity to litigate these issues in the arbitration. *See id*.

Our review of the record reveals that all four of these requirements are met here. First, Freecharm conceded at oral argument that the factual allegations of

---

[1] Because we decide that collateral estoppel applies to bar relitigation of the issues presented here, we do not decide whether *res judicata* might also bar relitigation of the claims.

5

wrongdoing in this action are identical to those alleged in the arbitration Statement

of Claim. These factual issues were resolved against it by that panel. As a result,

the panel resolved the legal issues in the defendants' favor, holding that

"Freecharm failed to prove that any of the Respondents engaged in fraud; breach

of fiduciary duty; or were grossly negligent or negligent in handling Freecharm's

account."

In this action, Freecharm seeks to hold the principals (the parent companies

and their individual officers) liable for the same alleged wrongdoing for which the

arbitration panel has already exonerated the agents (Atlas One and its brokers).

Having failed in its efforts to prove wrongdoing by the agents, Freecharm seeks to

relitigate this issue with a new cast of defendants by suing the principals. This we

do not allow. *Citibank, N.A. v. Data Lease Financial Corp.*, 904 F.2d 1498, 1500-

04 (11th Cir. 1990). The exoneration of the agent necessarily operates as a

preclusive exoneration of the principal's liability. *Id.*

The fact that Freecharm also brought a § 20(a) claim in this action does not

change this result.[2] Control person liability depends upon proof of the underlying

wrongdoing of those controlled. *Boguslavsky v. Kaplan*, 159 F.3d 715, 721 (2d

---

[2] Freecharm's negligent failure to supervise and recision claims are predicated upon the same factual allegations of wrongdoing.

6

Cir. 1998) (liability under § 20(a) depends upon proof of a *primary violation* by a controlled person).  The factual allegations of wrongdoing for which the control persons are said to be liable in this action are the *exact* same factual allegations of wrongdoing asserted in the arbitration and resolved against Freecharm.[3]  That a different legal conclusion – no control person liability –  flows from that adverse factual determination is irrelevant to the applicability of collateral estoppel.  *See CSX Transp., Inc. v. Brotherhood of Maintenance of Way Employees*, 327 F.3d 1309, 1317 (11th Cir. 2003) ("Collateral estoppel or issue preclusion forecloses the relitigation of an issue of fact or law that has been litigated and decided in a prior suit").[4]  When an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot be relitigated.  *Schiro v. Farley*, 510 U.S. 222, 232 (1994).  We conclude that Freecharm's factual allegations of wrongdoing by Atlas One and its brokers were identical before both the arbitration panel and the district court, satisfying the first requirement of collateral estoppel.

---

[3]  Although the § 20(a) claims refer to the primary violations as including Section 10(b), there are no additional factual allegations to support the reference.  Nor is there any discussion to suggest that Section 10(b) violations can be established by less proof of fraudulent misconduct.  We have held that the elements of a Section 10(b) claim are virtually identical to a Section 517.301 claim, *Alna Capital Assocs. v. Wagner*, 758 F.2d 562, 565 (11th Cir. 1985), which was asserted and denied in its entirety by the FINRA.  We express no opinion on the outcome were there additional allegations of wrongdoing here, that were not present at arbitration.

[4]  The *claim* for control person liability must have (or could have) been litigated in a prior action for *res judicata* to bar its relitigation; but the prior resolution of the *factual issues* underlying that claim also prevents their relitigation.

7

Furthermore, the clarified arbitration award makes absolutely clear that these factual issues were actually litigated in the arbitration and that these issues were a critical and necessary part of the arbitration decision.  There is no suggestion that Freecharm did not have every opportunity to litigate these issues in that forum.  We conclude, therefore, that collateral estoppel operates to bar their relitigation here.[5]

As collateral estoppel bars the relitigation of Freecharm's factual allegations made in support of its claims here but resolved against it in the arbitration, the judgment of the district court is due to be

AFFIRMED.

---

[5]  Freecharm's attempt to cast doubt on whether these issues were actually litigated by suggesting that the burden of proof or substantive law might change the outcome was raised for the first time at oral argument and we do not consider it.